UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| Chee Wei Fong | ) | |
| Debtor | ) | Case No. 20-16813 JGR |
| and | ) | |
| | ) | Case No. 20-16815 -JGR |
| Richard Weingarten | ) | |
| _____ | ) | Chapter 11 |
| | ) | |
| Stephen J. Klen | ) | Adv. Pro. No. 21-01010 |
| Edward J. Klen | ) | |
| | ) | Adv. Pro. No, 21-01009 |
| Plaintiff: | ) | |
| | ) | |
| V | ) | |
| | ) | |
| Richard Weingarten | ) | |
| Chee Wei Fong | ) | |
| | ) | |
| Defendants: | ) | |

**DEFENDANTS' REPLY TO RESPONSE TO MOTION TO DISMISS COMPLAINT**

Chee Wei Fong and Richard Weingarten ("Defendants"), through their attorneys, Buechler Law Office, L.L.C., hereby file their Reply to Plaintiff's Response to Motion To Dismiss Complaint [Doc. No 8] filed herein as follows:

**Summary:** Plaintiffs' Complaint is fatally flawed both substantively and procedurally. The defects cannot be corrected by amendment. The alleged defamatory statements described in the Complaint were communicated after February 3, 2020. They are protected by the absolute litigation privilege which is a bar to the defamation claim. Although none are alleged, if any alleged defamatory statements were communicated prior to February 3, 2020, they are now time barred by the one-year statute of limitations applicable to defamation actions in Colorado.[1] The Complaint

---

[1] Litigation between the Plaintiffs and the Defendants predates the LLC filings in July 2020, or the two individual cases filed on October 16, 2020. The Klens and Angry Beavers LLC as Plaintiffs initiated the very first litigation complaint in Larimer County District Court, Case No. 2020 CV 30103 on February 3, 2020 naming both Fong and

1

also fails to plead with specificity, or state a claim for relief, for defamation. Finally, this Court lacks subject matter jurisdiction over a tort claim for defamation, which cannot be circumvented by pleading a non-dischargeable debt claim.

### I. Litigation Privilege in Federal Courts.

*[N]either party, witness, counsel, jury, or Judge, can be put to answer, civilly or criminally, for words spoken in office." Lord Mansfield (1772). Rex v. Skinner, 98 Eng. Rep. 529, 530, Lofft 55, 55 (1772).*

1. The litigation privilege has existed at common law for over 300 years. Plaintiff argues in its Response that there is no litigation privilege, absolute or qualified, in federal courts in Colorado. See Response [Doc. No.8] at p.2. Counsel for the Plaintiff has now "thrown all the chips" on the table as a Rule 11 letter was sent to Counsel informing her of this absolute privilege and asking that the Complaint be dismissed. It was not, forcing the Defendants to file their motion to dismiss. Plaintiff's fallacious position is not supported by current law.

2. The sole claim for relief in the Complaint alleges common law defamation. The alleged defamatory statements or actions are set forth in paragraphs 10, 11, 12, and 18 of the Complaint as follows:

   10. In July, 2020, the entities filed for bankruptcy protection.

   11. On September 17, 2020, Plaintiffs moved for production of documents and an examination pursuant to Fed. R. Bankr. P 2004, and their motion was granted.

   12. In response to Plaintiffs' request for production of documents, Fong and Weingarten willfully and maliciously fabricated and published false statements to, among others, the Plaintiffs' bank, accusing the Plaintiffs of threatening and harassing them to a degree where Fong and Weingarten believed it necessary to remove the Plaintiffs as beneficiaries on the life insurance policy, in order to protect themselves against harm or death from the Plaintiffs.

   13. Shortly after the Defendants' defamatory statements were published, the Plaintiffs met with their banker, to negotiate the payoff on a commercial property under contract.

---

Weingarten as defendants. Because the Plaintiffs (Klens) and Angry Beavers LLC subordinated their Deed of Trust and overall debt claimed from the Defendants to those of Great Western Bank, the Larimer County District Court, sua sponte, order the joinder of Great Western Bank to the litigation on May 5, 2020. The Klens then subsequently filed an Amended Complaint naming Great Western Bank as a co-defendant with Weingarten and Fong. The Court is asked to take notice of the publicly available docket report from 2020CV30103 which is attached hereto as **"Exhibit "1"**.

      18. On November 4, 2020, Fong admitted under oath that Plaintiff Stephen Klen had never threatened them, but maintained that Plaintiff Edward Klen had done so.

3. The Complaint clearly alleges that the alleged defamatory statements were communicated in the context of a Rule 2004 examination and discovery, or in communication made between the parties while litigation was in process. Litigation between the Klens, Weingarten, Fong, and Great Western Bank has been pending since the Klens first sued in state court on February 3, 2020, [Footnote 1]. The three LLC entities had also filed an adversary proceeding against the Klens and others, Adversary Proceeding No. 20-01262, shortly after those three Subchapter V cases were filed, to set forth the claims of fraud and misrepresentations, among others.

4. The Complaint falsely alleges that the Rule 2004 examinations of Defendants Weingarten and Fong were taken by the Plaintiffs, they were not. The only Rule 2004 examination taken by the Klens was that of Ms. Chee Wei Fong as the designated member representative of the three (3) LLC entities pursuant to this Court's Order(s) entered separately in each of the three LLC cases on September 14, 2020, see e.g. [Doc. No. 63-1 & 64 in Gunsmoke LL]. The only documents requested were of the three LLC entities in responses to the Rule 2004 order entered in those cases.

5. Counsel for the Plaintiff should have known that it is basic Hornbook law that the litigation privilege provides an absolute bar to defamation actions brought against a party by another party. See, *Prosser on Torts*, Chapter 19, §114, p. 777-781 (4th Ed 1971), 53 *C.J.S Libel & Slander* §72 at 132 (1987) and *Restatement (Second) of Torts*, § 586 (1977).

6. Since the allegations in the Complaint cannot now be recanted and must be assumed true as pled, the Plaintiff relies upon the Federal Rules of Evidence, Rule 501, to argue no such litigation privilege in defense of defamation claims exists. No case law, legal treaties, or other authority is cited to support the argument.

7. Counsel's reliance in the Response upon F.R.E. Rule 501 is equally frivolous. F.R.E. Rule 501 pertains solely to what is admissible evidence and what can be excluded from admissibility as a privileged communication or document. F.R.E. Rule 102 provides the general scope of the rules as being "… and promote the development of evidence law, and to the end of ascertaining and

securing a just determination." Typical privileges covered by F.R.E. Rule 501 are the attorney – client, fifth amendment privilege, and spousal privilege, among others. The admissibly of evidence parameters of Rule 501 have no bearing on the application of litigation privilege, and its bar to defamation claims, at issue in this adversary proceeding.

8. Plaintiffs' argument is a surprisingly meritless one to be made before this Court. The history of the litigation privilege reveals it was actually developed in the context of defamation claims. Absolute immunity for defamatory statements made in the course of judicial proceedings has been recognized by common-law courts for many centuries and can be traced back to medieval England. T. Anenson, ''*Absolute Immunity from Civil Liability: Lessons for Litigation Lawyers*,'' 31 Pepp. L. Rev. 915, 918 (2004). ''The privilege arose soon after the Norman Conquest and the introduction of the adversary system,'' and has been deemed ''as old as the law'' itself. (Internal quotation marks omitted.) Id., 918–19. Also see, Louise Lark Hill, "*The Litigation Privilege: Its Place in Contemporary Jurisprudence*" 44 Hofstra L. Rev. 401-419 (2015).

9. The origins of the privilege in America, like many American jurisprudence principles, are from the British common law. See, for example, *Rex v. Skinner*, 98 Eng. Rep. 529, 530 (K.B. 1772) ''[N]either party, witness, counsel, jury, or [j]udge, can be put to answer, civilly or criminally, for words spoken in office.'' The rationale articulated in the earliest privilege cases was the need to bar persons accused of crimes from suing their accusers for defamation. P. Hayden, ''*Reconsidering the Litigator's Absolute Privilege to Defame*,'' 54 Ohio St. L.J. 985, 1013–15 (1993).

10. More modern cases are summarized in any of the recognized legal compendiums, such as C.J.S. and the Restatement of Torts. As those treatises note, the litigation privilege extends to defamatory communications involving litigants or other participants in a trial authorized by law. 53 C.J.S Libel & Slander §72 at 132 (1987). Two recent cases which discuss the history and application of the litigation privilege to defamation claims are *Johnson v. Johnson & Bell, Ltd*. 54. 7 N.E.3d 52 (Ill. App. Ct. 2014) and *Kimmel v. Silverman*, 53 F. Supp. 3d 325 (D. Mass. 2014).

11. This broad scope of attorney litigation privilege is memorialized in the Restatement (Second) of Torts, §586 (1977) which states that:

> An attorney at law is absolutely privileged to publish false and defamatory matter of another concerning communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding. §586 at 247 (1997). Litigation privilege is in accord with the public interest of granting citizens the utmost freedom to the courts of justice in their efforts to attain settlement. Id. at Comment a, 247.

12. The litigation privilege extends to out-of-court communications between opposing counsel, between parties, between attorneys and their clients, and between attorneys representing different plaintiffs in lawsuits against the same defendant. The Restatement (Second) of Torts notes the litigation privilege applies to "all proceedings before an officer or other tribunal exercising a judicial function." It extends "to every step in the proceeding, from beginning to end," including preliminary, pretrial, and post-trial phases of litigation. " *Anenson,* supra. at 945. It has been recognized in, "inter alia, pleadings, requests for admissions, depositions, affidavits, inspection of records under court order, grand jury testimony, expert reports, in camera conferences attended by a judge, and pretrial conferences." *Anenson,* supra note 3, at 939-40. It has also been extended to informal proceedings such as "[i]nterviews with prospective or actual witnesses, statements made at private meetings, statements made in the judge's chambers, and conduct relating to the investigation of a claim." Id.

## II. Litigation Privilege is an Absolute Bar to Common Law Tort Claim of Defamation.

13. The complained of actions are asserted to have occurred solely as the result of the three LLC entities producing documents under Rule 2004, or Ms. Fong as the member-representative testifying under oath at Rule 2004 exams, or other alleged statements made about parties in connection with the Subchapter 5 proceedings of Happy Beavers LLC, Case No. 20-14853 JGR, Armed Beavers LLC, Case No. 20-14963 JGR and Gunsmoke LLC, Case No. 10-14962 JGR., ("LLC entities"). These actions cannot be the basis for a defamation claim.

14. The application of Colorado state common law to defamation claims in federal court was addressed, thoroughly, in the case of *John Ramsey, et. al. v. Fox News Network, LLC*. 351 F. Supp. 2d 1145 (D. Colo. 2005). In its ruling applying Colorado state common law on defamation to a Rule 12(b)(6) motion to dismiss, the District Court noted that Colorado's substantive law applies to the claim for defamation brought in federal court. Id at 1149. The Court then went on to note, citing Colorado common law, that "Defamation is a communication holding an individual

up to contempt or ridicule that causes the individual to incur injury or damage. *Keohane v. Stewart*, 882 P.2d 1293, 1297 (Colo. 1994); *Gordon v. Boyles*, 99 P.3d 75, 78 (Colo. App. 2004). Id. at 1150. *Whether a statement is defamatory presents a legal issue for the Court to determine*. *Gordon*, supra, 99 P.3d at 79; Id. at 1150.

15.     In the present adversary matter, there can be no doubt that Colorado common law on defamation applies to this matter. The various defenses available to defamation actions under Colorado common law are equally applicable. The Federal Rules of Evidence have no bearing upon the common law litigation privilege against defamation actions.

16.     As set forth in Colorado Civil Jury Instruction *22:17*, which is in the same set of instructions with the Defamation instruction at *CJI 22:8,* the litigation privilege is an absolute one. The privilege clearly applies to a private party. *CJI 22:17*. See, *Hoffler v. Colo. Dept of Corrections,* 27 P.3rd 371 (Colo. 2001) and *Club Valencia Homeowners Ass'n v. Valencia Associates*, 712 P.2d 1024, 1027 (Colo. App. 1985), (holding that privilege applies even to publications made outside a courtroom and where no official function of the court or its officers was invoked).

17.     Moreover, all of the actions described happened long after litigation between these parties was underway.  Litigation between the Plaintiffs and the Defendants predates the LLC filings in July 2020, or the two individual cases filed on October 16, 2020. The Klens and Angry Beavers LLC as Plaintiffs initiated the very first litigation complaint in Larimer County District Court, Case No. 2020 CV 30103 on February 3, 2020, **Exhibit "1"**.

18.     The defamation claim is simply without merit and is a further attempt to intimidate, harass, and ultimately silence these Defendants and Debtors.  Dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

### III. Complaint Fails to Comply with Rule 9(f) and Fails to State a Claim for Relief.

19.     To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20. The Complaint fails to meet the requirements of pleading time and place as required by Rule 9(f) of the F.R.C.P. There is a one- year statute of limitations for defamation actions in Colorado, C.R.S. §13-80-103(1)(a). The Complaint does not include any allegation as to the day, month, or even year that the alleged defamatory statements were made. Time is a material requirement when testing the adequacy of the Complaint.

21. The present Complaint also lacks the specificity of pleading required for a defamation action. Because of the vagueness of the allegations in the Complaint, the Defendants are denied their right, before they answer the Complaint, to understand what they are being alleged to have done wrong. What did they say, to whom, when, and why it was false?

22. The Complaint does not distinguish between oral statements and written statements, if any were made. If fails to distinguish between statements allegedly made by Defendant Fong and those allegedly made by Defendant Weingarten. What did Fong say or do? What did Weingarten say or do? To whom at the bank was it communicated to? What day, month or year? How was it communicated, orally or in writing?

23. If there is more than one instance of alleged defamatory statements being made by person, or in time or manner, they must be separately identified.

24. A fundamental pleading requirement in a defamation case is to state why the alleged statements made were false. There is no such allegation in the Complaint.

25. The propensity for aggressive actions and threats of physical contact by the Klens may be true. A civil litigation search reveals that a protective order was sought against Edward J. Klen, Jr. in 2002 by Kathleen Klen. Edward J. Klen, Jr also has several arrests for DUI and driving with a suspended license. It is not known if Edward J. Klen Jr. and Edward J. Klen, plaintiff herein, are the same person, but they may be.

26. The alleged negative reaction of the Klens' bankers, Great Western Bank, as set forth in the Complaint at ¶¶¶ 15,16, and 17, are understandable in light of the Klens' actions in suing the bank in state court in 2020 and challenging the bank's right to foreclosure and alleging that their claims are not subordinated to that of the Klens, as they did in the state court litigation.

27. The Klens have not pled any alleged facts, just inuendo, that the alleged negative reaction of Great Western Bank or the unidentified loan officer to the Klens had anything to do with the alleged statements made by the Defendants.

28. The Klens have also objected to the settlement agreement between Great Western Bank and the debtors, Fong and Weingarten, have asserted that the bank's appraised value of its collateral is not accurate, and otherwise taken positions adverse to Great Western Bank in the various bankruptcy cases before this Court.

29. The Klens have not shown that they have been denied credit or had any adverse actions taken against them by Great Western Bank. Indeed the loan renewal actually closed.

30. The dismissal of the Complaint is warranted under the facts as pled. See, *Broker's Choice of America Inc. v. Clark* et. al. 861 F.3rd 1081 (10th Cir 2017).

31. Granting leave to amend the Complaint will not cure the violation of the absolute privilege rule or the lack of subject matter jurisdiction of this Court, discussed below. The Complaint must be dismissed.

### IV. This Court Lacks Subject Matter Jurisdiction.

32. A bankruptcy court generally does not have jurisdiction over personal injury tort claims. 28 U.S.C. § 157(b) states that bankruptcy courts have jurisdiction to hear "all core proceedings,"[2] and goes on to define which proceedings are "core."[3] Subsection (b)(2)(B), the personal injury tort exception, removes all personal injury torts from the bankruptcy court's jurisdiction.

33. This Court simply lacks subject matter jurisdiction over the Plaintiff's defamation claim, which is a common law personal injury tort claim. See, *Prossor on Torts*, chapter 19, p.737-801 (1971, 4th edition 1977), *C.R.S.* §13-80-103(1)(a) and *Colorado Civil Jury Instruction* 22:17. Claims for damage to reputation in the community, emotional distress, and other personal injury related damages are the cornerstone of a defamation claim.

34. There is no claim for "willful and malicious injuries" pled in the Complaint beyond the defamation claim. The Complaint is a thinly veiled attempt to litigate in bankruptcy court a state court matter. In this matter the substance of the claim is the tort of defamation. It is not within the purview of this Court to hear tort claims.

WHEREFORE, Defendants pray that the Complaint be dismissed, with prejudice, that they be awarded their fees and costs as the prevailing party under 28 U.S.C. §1927, and for fees and sanctions as will be set forth in their separate motion, and for such further relief as the Court deems just and appropriate under the circumstances.

DATED: February 2, 2021

Respectfully submitted,

BUECHLER LAW OFFICE, L.L.C.

/s/ Michael J. Guyerson

_____

Michael J. Guyerson, #11279
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
mike@kjblawoffice.com
ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned certifies that on February 2, 2021, I served by prepaid first class mail [or (other acceptable means, i.e. via hand delivery] a copy of the Defendants Reply to Response to Motion To Dismiss Complaint pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

VIA U.S. MAIL and/or Email:

Chee Wei Fong

3751 W. 136th Avenue, Unit S2

Broomfield, CO 80023

Richard E. Weingarten

1133 Northridge Drive

Erie, CO 80516

Via CM/ECF:

UST – Alison Goldenberg

Ingrid J. DeFranco